IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Laura J. Seaton, ) | Civil Action No. 2:10-3186-DCN-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| City of North Charleston Fire Department ) | |
| and City of North Charleston, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the Court on the defendants' second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for more definite statement [Doc. 25], requesting that the plaintiff's defamation claim be dismissed.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

In a prior motion to dismiss [Doc. 5], the defendants had requested, and the Court allowed, the plaintiff to make a more definite statement of her defamation claim. The plaintiff complied in an Amended Complaint. [Doc. 23.] The defendants would return again to complain of its sufficiency.

The Court is substantially unpersuaded. Even in the first instance, the Court did not find the Complaint overly problematic but, in keeping with this district's instruction,

required the inclusion of more information as to content, timing, audience, and method. *See, e.g., Esancy v. Quinn*, 2005 WL 1806413, at *4 (W.D.N.C. July 21, 2005) ("Plaintiff never identifies the statements by content, date, manner or recipient. These vague descriptions provide no notice to Defendant as to the basis of Plaintiff's claim of defamation and, as a result of these overly vague descriptions, Defendant is unable to respond to these allegations.")   The Amended Complaint indicates that the defendant published by telephone, email, letter, and other written documents (method) to potential employers and others within the fire fighting community (audience) regarding her alleged deception and false sexual harassment report to the EEOC (content).  (Compl. ¶¶ 40-41.)  The Complaint does not include any specific date or time indicators but the Court is unconcerned.

Discovery will permit the defendant to solicit more detailed information concerning defamatory incidents or to expose them as unsubstantiated.  Moreover, the defendant is not prejudiced in preparation of its responsive pleading; the defendant should not hesitate to anticipatorily include defenses not plainly implicated by the Complaint, including various possible privileges.  The concern is a herring.

2

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss or, in the alternative, for a more definite statement [Doc. 25] should be DENIED.

IT IS SO RECOMMENDED.

                                            s/Bruce Howe  Hendricks
                                            United States Magistrate Judge

January 12, 2012
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).