```
IN THE DISTRICT COURT OF THE UNITED STATES
    FOR THE DISTRICT OF SOUTH CAROLINA
             CHARLESTON DIVISION
```

| | |
|---|---|
| Laura J. Seaton, | ) |
|  Plaintiff, | ) Civil Action No. 2:10-3186-DCN-BHH |
| vs. | ) |
|  | ) **REPORT AND RECOMMENDATION** |
|  | ) **OF MAGISTRATE JUDGE** |
| City of North Charleston, | ) |
|  Defendant. | ) |

This matter is before the Court on the defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 45], requesting that the plaintiff's defamation claim be dismissed. The plaintiff is a former employee of the defendant. She alleges claims for hostile work environment and retaliatory discharge pursuant to Title VII of the Civil Rights Act. The plaintiff also asserts the state law claim for defamation, which the defendant now moves to dismiss.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) states the following: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The Court should use the same standard used to decide motions made pursuant to Federal Rule of Civil Procedure 12(b)(6) to decide the City's Rule 12(c) motion. *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a

motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant has moved for dismissal of the plaintiff's defamation claim against it. The defendant argues that, as a governmental entity, the South Carolina Tort Claims Act bars the action. The SCTA, in relevant part, states,

> The governmental entity is not liable for a loss resulting from:
> . . .
> (17) employee conduct outside the scope of his official duties or which constitutes actual fraud, **actual malice**, intent to harm, or a crime involving moral turpitude.

S.C. Code. § 15-78-60 (emphasis added).

The defendant argues that any defamation claim, whether or not defamatory *per se*, requires either an affirmative showing or a legal imputation of "actual malice" such that the SCTA bars suit.

2

But, *actual* malice is not a necessary element of a defamation claim. Confusion over the matter is easy to understand, since it seems sometimes as though nearly half of South Carolina defamation cases do not even include the word "malice" in their recitation of the elements. *See, e.g.*, *Boone v. Sunbelt Newspapers, Inc.*, 556 S.E.2d 732, 736 (S.C. Ct. App. 2001) ("The elements of defamation include: (1) a false and defamatory statement concerning another, (2) an unprivileged publication to a third party, (3) fault on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."). While a showing of *actual* malice is necessary, to recover punitive damages, *Jones v. Garner*, 158 S.E.2d 909, 914 (S.C. 1968), implied malice" is sufficient. *See Parker v. Evening Post Pub. Co.*, 317 S.C. 236, 242-43, 452 S.E.2d 640, 644 (S.C. Ct. App.1994). As the parties acknowledge, this is precisely what the Honorable Richard M. Gergel recognized, in *Yost v. City of Charleston*, Case No. 2:09-cv-2024-RMG [Doc. 84 at 10.]. Parker provides a considerably more complete recitation of the elements than most of the cases:

> Under South Carolina law, to state a cause of action for defamation, Richardson must allege the existence of some message that (1) is defamatory, (2) **is published with actual or implied malice**, (3) is false, (4) is published by the defendant, (5) concerned the plaintiff, and (6) resulted in legally presumed or in special damages.

*Parker v. Evening Post Pub. Co.*, 317 S.C. 236, 242-43, 452 S.E.2d 640, 644 (S.C. Ct. App.1994) (emphasis added).

In contrast to actual malice, which is defined as "hatred, spite, ill will, or desire to injure," *see Sanders v. Prince,* 403 S.E.2d 640, 643 (S.C.1991) (citations omitted), "implied malice" is "not necessarily inconsistent with an honest or even laudable purpose and does not imply ill will, personal malice, hatred, or a purpose to injure," *Jones*, 158 S.E.2d at 914. Admittedly, the footnote emphasized by the defendant in *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 506 S.E.2d 497 (1998), which states that implied malice

3

is no more than a substitute for common law actual malice, confuses the very landscape it professes to clarify. But, as discussed, other and applicable precedent draws continuing distinctions between claims which require actual malice and those that do not, namely for purposes of damages. And, Judge Gergel recognized the inherent and ultimate result of the defendant's position that no defamation claim could ever be brought against the State were it otherwise. Such might be the case, but no South Carolina decision, state or federal, has ever concluded so dramatically. The undersigned would not now.

Importantly, the plaintiff herself has not actually pled malice, of any kind, in her complaint. It pleads, "The Defendants made these defamatory statements concerning the Plaintiff intentionally or with reckless disregard for Plaintiff's reputation . . . ." (Compl. ¶ 36.) So while the defamation claim may ultimately fail for want of an essential element, if actual malice is in fact required, imputed or proven, the plaintiff has not plead a claim alleging the type of conduct that would remove any putative claim from the ambit of the Act. Said again, she has not pled actual malice.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for judgment on the pleadings [Doc. 45] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

September 29, 2012
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).