**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| LAURA J. SEATON, | ) | |
| | ) | No. 2:10-cv-03186-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CITY OF NORTH CHARLESTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the magistrate judge's Report and

Recommendation (R&R) that this court deny a motion for judgment on the pleadings

brought by defendant under Federal Rule of Civil Procedure 12(c).  Defendant filed

objections to the R&R.  As set forth below, the court adopts in part the R&R and denies

defendant's motion.

## I.   BACKGROUND

Plaintiff Laura J. Seaton originally filed this case in the Charleston County Court

of Common Pleas on September 27, 2010.  Defendant City of North Charleston (the City)

filed a notice of removal in federal court on December 16, 2010, along with a motion to

dismiss.  On August 8, 2011, this court granted Seaton leave to amend her complaint, and

she filed an amended complaint on August 17, 2011.  The City filed a motion to dismiss

or, in the alternative, motion for more definite statement on August 25, 2011, which this

court denied on January 30, 2012.  The City answered the amended complaint on

February 13, 2012.  On May 21, 2012, the City filed the motion for judgment on the

pleadings now under consideration.  The magistrate judge issued an R&R on October 1,

1

2012, recommending that the motion be denied.  The City filed objections to the R&R on

October 18, 2012.

In her amended complaint, Seaton alleges she began employment with the City as

a firefighter on February 6, 2006.  Am. Compl. ¶ 6.  She claims that during her

employment, she was subjected to sexual harassment (including inappropriate touching

and comments), discrimination, and a hostile work environment.  Id. ¶¶ 9-10.  According

to Seaton, she was harassed by a fellow firefighter, Captain Burding, who was terminated

on June 8, 2007 as a result of her complaints.  See id. ¶ 14.  The City then allegedly

retaliated against Seaton for her complaints by reprimanding her for petty offenses.  Id. ¶

16.  In addition, Seaton claims that Captain Burding was permitted to hang around the

fire station and continued to intimidate her.  Id. ¶ 17.  Seaton states that on February 15,

2008, she was terminated by the City without cause, valid warnings, or legitimate

negative job evaluations.  Id. ¶ 23.

Seaton brings claims for hostile work environment and retaliatory discharge in

violation of Title VII of the Civil Rights Act, and for defamation/defamation per se.  In

support of her defamation claims, Seaton alleges that the City sent "false, defamatory and

injurious statements by way of telephone conversations, e-mails, letters and other written

documents, concerning the Plaintiff that were published to potential employers and others

within the fire fighting community."  Id. ¶ 40.  According to Seaton, these

communications accused her of lies, deception, and being a bad employee.  Id. ¶¶ 42-43.

Seaton further claims that "said libelous and defamatory statements attacked Plaintiff's

professional reputation and give rise to defamation *per se*."  Id. ¶ 45.

In its motion for judgment on the pleadings, the City seeks dismissal of Seaton's claims for defamation.  In short, the City contends that to prevail, Seaton is required to prove that the City engaged in acts constituting "actual malice"—even though the words "actual malice" are absent from Seaton's amended complaint—but that liability for such acts would be barred by the South Carolina Tort Claims Act (SCTCA).  The City relies on South Carolina Code Annotated § 15-78-60(17), which shields governmental entities from liability resulting from "employee conduct . . . which constitutes . . . actual malice."

In the R&R, the magistrate judge disagrees that the SCTCA bars suit and instead recommends that the defendant's motion be denied because Seaton has not pled "actual malice" in her amended complaint, nor does she need to plead "actual malice" to state a cognizable defamation or defamation per se claim against the City.  See R&R 3-4.  The City objects to this recommendation, arguing that the magistrate judge incorrectly found that actual malice is not a necessary element of a defamation claim.  Def.'s Obj. 2.

## II.  STANDARDS

The court is charged with making a de novo determination of those portions of the R&R to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1). The recommendation of the magistrate judge carries no presumptive weight and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Courts follow "a fairly restrictive standard" in ruling on motions for judgment on the pleadings, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the

3

merits of his or her claim or defense."  5C Charles A. Wright and Arthur R. Miller,

Federal Practice and Procedure § 1368 (3d ed. 2012).  In general, a Rule 12(c) motion for

judgment on the pleadings is decided under the same standard as a motion to dismiss

under Rule 12(b)(6).  See Burbach Broad. Co. v. Elkins Radio, 278 F.3d 401, 405 (4th

Cir. 2002).  Thus, to survive the motion, the complaint must contain sufficient facts "to

raise a right to relief above the speculative level" and "state a claim to relief that is

plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The

court must accept the plaintiff's factual allegations as true and draw all reasonable

inferences in her favor.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d

435, 440 (4th Cir. 2011).  "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.   DISCUSSION

A review of South Carolina law regarding defamation and the SCTCA is required

before deciding whether Seaton's defamation claims are barred.

### A.  South Carolina Defamation Law

The law of defamation in South Carolina has been described as "mind-numbingly

incoherent," Holtzscheiter v. Thomson Newspapers, Inc., 506 S.E.2d 497, 505 (S.C.

1998) (Toal, J., concurring), and even led one court to become "especially troubled,"

Floyd v. WBTW, No. 06-3120, 2007 WL 4458924, at *3 n.3 (D.S.C. Dec. 17, 2007).

One reason offered by now-Chief Justice Toal for the lack of clarity is the South Carolina

Supreme Court's failure to "take[] into consideration the impact of decisions by the

United States Supreme Court."  Holtzscheiter, 506 S.E.2d at 505.  In New York Times

4

Co. v. Sullivan, 376 U.S. 254 (1964), the Supreme Court formulated the constitutional

standard that public officials must prove "actual malice" before recovering damages for

harm to reputation in a state law defamation suit.  "Actual malice" is defined as

"knowledge of falsity or reckless disregard as to truth or falsity," Holtzscheiter, 506

S.E.2d at 514, whereas "common law malice" involves ill will with the design to

causelessly and wantonly injure the plaintiff, id. at 501 n.3 (majority opinion).[1]

In 1968, four years after the New York Times decision was issued, the South

Carolina Supreme Court referred to "actual malice" not in the constitutional sense, but in

the common law sense.  Jones v. Garner, 158 S.E.2d 909, 914 (S.C. 1968) ("Actual

malice means that the defendant was actuated by ill will in what he did, with the design to

causelessly and wantonly injure the plaintiff; or that the statements were published with

such recklessness as to show a conscious indifference toward plaintiff's rights.").  Since

Garner was decided, some decisions in South Carolina have continued to use the phrase

"actual malice" in the common law sense.  See Hainer v. Am. Med. Int'l, Inc., 492 S.E.2d

103, 106 n.7 (S.C. 1997) (using the term "actual malice" to refer to the common law

standard involving ill will).

In 2006, the South Carolina Supreme Court noted that "'[a]ctual malice under the

New York Times standard should not be confused with the concept of common law

malice as an evil intent or a motive arising from spite or ill will.'"  Erickson v. Jones

---

[1] The United States Supreme Court has noted, "We have used the term actual malice as a
shorthand to describe the First Amendment protections for speech injurious to reputation, and we
continue to do so here.  But the term can confuse as well as enlighten.  In this respect, the phrase
may be an unfortunate one."  Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 511 (1991);
see also Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 667 n.7 (1989) ("The
phrase 'actual malice' is unfortunately confusing in that it has nothing to do with bad motive or ill
will.").  While the terminology chosen to describe the constitutional standard may be unfortunate,
it is the one chosen by the Supreme Court, and is therefore one the lower courts, state and federal,
must follow.

Street Publishers, L.L.C., 629 S.E.2d 653, 666 (S.C. 2006) (quoting <u>Masson v. New

Yorker Magazine, Inc.</u>, 501 U.S. 496, 510 (1991)).  However, in 2007, the South

Carolina Court of Appeals, citing <u>Holtzscheiter</u>, muddied the waters by using the phrase

"common law actual malice."  <u>See</u> <u>Parrish v. Allison</u>, 656 S.E.2d 382, 389 (S.C. Ct. App.

2007) ("If the defamation is not actionable per se, then the plaintiff must plead and prove

common law actual malice and special damages.").

This case does not involve the standard governing claims for defamation brought

by public figures, i.e., the constitutional "actual malice" standard.  Instead, Seaton brings

claims for defamation and defamation per se as a private plaintiff, so South Carolina

common law governs.  To recover for defamation under South Carolina law, a plaintiff

must show:  "(1) a false and defamatory statement was made; (2) the unprivileged

publication was made to a third party; (3) the publisher was at fault; and (4) either

actionability of the statement irrespective of special harm or the existence of special harm

caused by the publication."  <u>Erickson</u>, 629 S.E.2d at 664.

As embodied by the fourth element, defamation in South Carolina "is classified as

either actionable per se or not actionable per se."  <u>Fountain v. First Reliance Bank</u>, 730

S.E.2d 305, 309 (S.C. 2012).[2]  All forms of libel—written or printed defamation—are

considered actionable per se, without a need to prove special damages.  For slander—

defamation that is spoken or communicated in any form other than libel—to be

actionable per se, the statements must charge the plaintiff with one of five types of acts or

characteristics:  "(1) commission of a crime of moral turpitude; (2) contraction of a

---

[2] The issue of "actionability" has been said to cause the "greatest confusion in South Carolina defamation law."  <u>Holtzscheiter</u>, 506 S.E.2d at 509 (Toal, J., concurring).

loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession." Goodwin v. Kennedy, 552 S.E.2d 319, 322-23 (S.C. Ct. App. 2001).

Earlier this year, the South Carolina Supreme Court stated, "If the statement is actionable per se, then the defendant 'is presumed to have acted with common law malice and the plaintiff is presumed to have suffered general damages.'" Fountain, 730 S.E.2d at 309 (quoting Erickson, 629 S.E.2d at 664). "If the statement is not actionable per se, then 'the plaintiff must plead and prove both common law malice and special damages.'" Id. (quoting Erickson, 629 S.E.2d at 664). This decision signifies recognition of the South Carolina Supreme Court's earlier statement in Erickson that "actual malice" (in the constitutional sense) should not be confused with "common law malice," i.e., the ill will standard. 629 S.E.2d at 666.

### B.  South Carolina Tort Claims Act

The SCTCA, enacted in 1986 and codified at South Carolina Code Annotated § 15-78-10 et seq., waives sovereign immunity while also limiting the liability of the state and its political subdivisions in certain circumstances. See Wells v. City of Lynchburg, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998). Section 15-78-60, which enumerates exceptions to the waiver of immunity, specifically states that a "governmental entity is not liable for a loss resulting from . . . employee conduct . . . which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17).

The term "actual malice" is not defined under the SCTCA. In Gause v. Doe, 451 S.E.2d 408 (S.C. Ct. App. 1994), the South Carolina Court of Appeals, citing S.C. Code Ann. § 15-78-60(17), held that the "SCTCA clearly excludes a governmental entity's

liability for an individual's loss stemming from a state employee's conduct that constitutes actual malice." Id. at 409.  The reference in Gause to "actual malice" was clearly to the constitutional standard rather than to any common law standard.  See id. (citing New York Times Co., 376 U.S. 254).  In at least two other cases, courts in South Carolina have applied the constitutional "actual malice" standard when addressing immunity under the SCTCA.  Thompson v. Univ. of S.C., No. 04-219, 2006 WL 2583595, at \*15 & n.6 (D.S.C. Sept. 5, 2006) (private figure plaintiff); Sanders v. Prince, 403 S.E.2d 640, 643 (S.C. 1991) (public figure plaintiff).

### C.  Analysis

The City argues that in any claim for defamation, whether or not it is alleged to be actionable per se, a private figure plaintiff must plead and prove "actual malice."

First, in Holtzscheiter, the South Carolina Supreme Court stated, "If a defamation is not actionable *per se*, then at common law the plaintiff must plead and prove common law actual malice and special damages."  506 S.E.2d at 501-02 (majority opinion).  In a footnote, the court clarified that "common law actual malice" requires a showing that "the defendant was activated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff."  Id. at 501 n.3; see also Parrish, 656 S.E.2d at 389 ("If the defamation is not actionable *per se*, then the plaintiff must plead and prove common law actual malice and special damages.").  The City urges that "[p]ursuant to *Holtzscheiter* and *Parrish*, a plaintiff must both plead and prove common law *actual malice* to prevail on a defamation claim in South Carolina, other than a claim constituting defamation per se."  Def.'s Obj. 3.

8

While the Holtzscheiter and Parrish courts certainly state that to prevail on a claim for defamation that is not actionable per se, a plaintiff must prove "common law actual malice," it is not clear that the phrase "actual malice" is used in these cases to denote the equivalent meaning of "actual malice" in the SCTCA.  To the contrary, the United States Supreme Court has cautioned that the phrase "[a]ctual malice . . . should not be confused with the concept of common law malice as an evil intent or a motive arising from spite or ill will," Masson, 501 U.S. at 510, and the South Carolina Supreme Court most recently held that a plaintiff bringing a claim for defamation that is not actionable per se must "'plead and prove . . . common law malice,'" without referencing "actual malice."  Fountain, 730 S.E.2d at 309 (quoting Erickson, 629 S.E.2d at 664).

Moreover, courts in South Carolina have already held that the "SCTCA clearly excludes a governmental entity's liability for an individual's loss stemming from a state employee's conduct that constitutes actual malice," and in doing so, were relying on the constitutional definition of "actual malice."  Gause, 451 S.E.2d at 409.  Here, the City requests a finding that the SCTCA similarly excludes governmental liability for the remaining kind of malice—common law malice.  However, a court in this District has already rejected the argument that "a governmental entity can never be liable for a loss resulting from defamation."  Yost v. City of Charleston, No. 09-2024, Dkt. No. 84 at 9 (D.S.C. filed Oct. 22, 2010).

Second, the City contends that a claim for defamation per se brought by a private figure plaintiff requires a showing of actual malice.  However, in such a case, "common law malice" is presumed and need not be pleaded or proven.  Fountain, 730 S.E.2d at

9

309.  And as discussed above, this type of malice is not necessarily "actual malice" as that term is used in the SCTCA.

At this stage of the proceedings, it is plausible that Seaton may assert claims against the City for defamation and defamation per se that do not require a showing of "actual malice."  At the very least, Seaton has not pled "actual malice" in her amended complaint.  For these reasons, defendant's motion for judgment on the pleadings is denied.[3]

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS IN PART** the magistrate judge's R&R and **DENIES** defendant's motion for judgment on the pleadings.

**AND IT IS SO ORDERED**.

 

 

---

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 12, 2012**
**Charleston, South Carolina**

---

[3] As a final matter, the magistrate judge's R&R, while helpful, makes statements of law that this court would rather avoid.  For example, the R&R defines "actual malice" as "hatred, spite, ill will, or desire to injure," see R&R at 3; however, as noted above, the United States Supreme Court and South Carolina Supreme Court have specifically cautioned against using "actual malice" to refer the "'concept of common law malice as an evil intent or a motive arising from spite or ill will.'"  Erickson, 629 S.E.2d at 666 (quoting Masson, 501 U.S. at 510)).  Still, the court concurs with the conclusion of the magistrate judge and therefore adopts in part the R&R.